FILED
2025 May-28 PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **THE MCCLATCHY COMPANY, LLC, et al.** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil Action No. 2:24-cv-1076-ACA** |
| **EBSCO INFORMATION SERVICES, INC, et al.,** | ) | |
| **Defendants.** | ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs The McClatchy Company, LLC, Gannett Co. Inc., and Jeffery B. Grantham bring claims against Defendant EBSCO Industries, Inc. for violations of the Copyright Act, 17 U.S.C. § 501(a), arising out of EBSCO's actions in 1995. (Doc. 2). EBSCO moves to dismiss, arguing that Plaintiffs' claims are barred by the Copyright Act's three-year statute of limitations for civil claims. (Doc. 11); 17 U.S.C. § 507(b). Because it is not clear from the face of Plaintiffs' complaint that their claims are barred by the statute of limitations, the court **DENIES** EBSCO's motion to dismiss. (Doc. 11). And because EBSCO has not shown substantial grounds for differences of opinion on this question, the court **DENIES** EBSCO's request that the court certify this question for interlocutory appeal under 28 U.S.C. § 1292(b). (*Id*. at 6–8).

## I. BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Each plaintiff owned a newspaper that covered the Kansas State University football team in 1993 and 1994. (Doc. 2 ¶¶ 1–3, 8, 10). They registered copyrights for their photographs and newspapers covering the team during those seasons. (*Id*. ¶¶ 11–12). In 1994, Plaintiffs entered into an agreement with Michael Bynum and his company, Gridiron Football Properties Corp., granting Mr. Bynum and Gridiron permission to use Plaintiffs' copyrighted materials in a book. (*Id*. ¶¶ 8, 13). Mr. Bynum intended to publish the book under his pen name Francis J. Fitzgerald. (*Id*. ¶ 15).

Mr. Bynum met with a representative of EBSCO to discuss printing the book, and he provided EBSCO with the materials necessary to print. (Doc. 2 ¶ 14). But Mr. Bynum decided to defer publishing the book after he received quotes from EBSCO. (*Id*. ¶ 18). Mr. Bynum retrieved the materials from EBSCO without granting it permission to print and publish them. (*Id*. ¶ 19). And Mr. Bynum never printed or published the proposed book. (*Id*.).

In 2020, Mr. Bynum discovered a copy of his proposed book for sale in an online bookstore. (Doc. 2 ¶ 20). EBSCO Media printed the book under the title *The*

*Glory of Purple; A Scrapbook History of the Kansas State Wildcats' Memorable 1993 and 1994 Seasons*. (*Id*.). According to *The Glory of Purple's* initial pages, EBSCO credited Francis J. Fitzgerald as the book's editor and Touchdown Books as the publisher and "copyright-holder." (*Id*. ¶¶ 20, 25). The book includes the copyrighted materials that Plaintiffs had licensed to Mr. Bynum and Gridiron. (*Id*. ¶ 20).

Between August 12, 2021 and March 2023, Mr. Bynum notified Plaintiffs of the existence of *The Glory of Purple*. (Doc. 2 ¶¶ 32–34). Plaintiffs filed this action on August 7, 2024. (Doc. 1).

## II. DISCUSSION

EBSCO contends Plaintiffs' claims are barred by the statute of limitations and therefore due to be dismissed under Federal Rule of Civil Procedure 12(b)(6). (Doc. 11). "[D]ismissal on statute-of-limitations grounds is proper only where it is apparent from the face of the complaint that the claim is time-barred." *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (quotation marks omitted).

Civil claims under the Copyright Act must be brought "within three years after the claim accrued." 17 U.S.C. § 507(b). The Eleventh Circuit has two rules for determining when a copyright claim accrues: "the discovery rule and the injury rule." *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1330 (11th Cir. 2023), *aff'd on other grounds*, 601 U.S. 366 (2024). The discovery rule provides that a

copyright claim accrues "when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights." *Id*. Under the injury rule, a copyright claim accrues upon "each infringing act." *Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020).

Courts apply the discovery rule when the "gravamen" of a copyright claim is that the defendant violated the plaintiff's "ownership rights." *Nealy*, 60 F.4th at 1330. In other words, the discovery rule applies "if ownership of the copyright is the only disputed issue." *Id*. For other, "ordinary," copyright claims, which are those not "concerning mainly ownership," the injury rule applies. *Webster*, 955 F.3d at 1276.

EBSCO argues that the court should apply the injury rule in this case because its "primary factual defense" is not related to ownership and is instead related to permission. (Doc. 11 at 5–6). But EBSCO's primary factual defense is not "apparent from the face of the complaint," and the court may not consider it at this stage. *Wainberg*, 93 F.4th at 1224; *see also Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1304 (11th Cir. 2020) ("A complaint need not anticipate and negate affirmative defenses and should not ordinarily be dismissed based on an affirmative defense unless the defense is apparent on the face of the complaint."). Furthermore, Plaintiffs' complaint includes facts that lead to the conclusion that ownership may be the gravamen of Plaintiffs' claims. For example, Plaintiffs allege that *The Glory of Purple's* permissions page falsely lists "Touchdown Books as the copyright-

holder" even though Plaintiffs hold the copyrights to material contained in the book. (Doc. 2 ¶¶ 11–13, 20, 25). Given this allegation, Plaintiffs' claims may be that they, rather than Touchdown Books or any third party, are the true owners of the copyrighted material and they alone could give permission to use their copyrighted materials. Such a claim would mainly concern ownership, and the court would necessarily apply the discovery rule. *See Webster*, 955 F.3d at 1276.

Applying the discovery rule, the claims accrued when Plaintiffs learned or reasonably should have learned of the infringing act. *Nealy*, 60 F.4th at 1330. Based on the facts alleged in the complaint, Plaintiffs learned of the infringing acts between August 12, 2021 and March 2023. (Doc. 2 ¶¶ 32–34). EBSCO does not make any argument that the Plaintiffs should have learned at a time before they actually learned about *The Glory of Purple*. (*See generally* doc. 11). Accordingly, the earliest the statute of limitations could have run for these claims was August 12, 2024. *See* 17 U.S.C. § 507(b). Plaintiffs filed this action within that time.

Because the court cannot rely on EBSCO's primary factual defense and Plaintiffs' claims may be categorized as ownership claims, it is not apparent from the face of the complaint that Plaintiffs' claims are time barred, and the court **DENIES** EBSCO's motion to dismiss.

EBSCO asks that if the court denies its motion to dismiss, the court certify the question for interlocutory appeal under 28 U.S.C. § 1292(b). (Doc. 11 at 6–8). That

section grants the court discretion to permit an appeal of its order if the court believes its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

EBSCO argues that interlocutory appeal is appropriate because three United States Supreme Court justices signed on to a dissenting opinion that "expressed doubt" about whether § 507(b) authorizes the use of the discovery rule. (Doc. 11 at 6–7) (citing *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366, 374–75 (2024) (Gorsuch, J., dissenting)). But the Eleventh Circuit has repeatedly affirmed district courts' applications of the discovery rule in cases involving § 507(b). *See Nealy*, 60 F.4th at 1330–31; *Webster*, 955 F.3d at 1276. Given that this court's order is in compliance with binding Eleventh Circuit precedent, EBSCO has not shown that there are substantial grounds for differences of opinion on this question. *See Burrell v. Bd. of Trs. of Ga. Mil. Coll.*, 970 F.2d 785, 789 (11th Cir. 1992) *abrogated on other grounds by Ziglar v. Abbasi*, 582 U.S. 120, 155 (2017) ("[O]ur agreement with the district court is so complete and unequivocal that we cannot make out the substantial ground for difference of opinion required by section 1292(b).") (quotation marks omitted). Accordingly, the court **DENIES** EBSCO's request that the court certify the question for interlocutory appeal.

## III. CONCLUSION

The court **DENIES** EBSCO's motion to dismiss and **DENIES** EBSCO's request for certification of the question for appeal. (Doc. 11).

**DONE** and **ORDERED** this May 28, 2025.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE